UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Henry Johnson,                                    File No. 23-cv-66 (ECT/DTS)

        Plaintiff,

v.                                                **OPINION AND ORDER**

Hennepin County; Hennepin County
Sheriff's Office; C. Nogle, John Doe 1, and
John Doe 2, *Hennepin County Sheriff
Deputies*,

        Defendants.

Henry Johnson, *pro se*.

Jamil M. F. Masroujeh, Hennepin County Attorney's Office, Minneapolis, MN, for
Defendants Hennepin County and Hennepin County Sheriff's Office.

    *Pro se* Plaintiff Henry Johnson claims that Defendants violated at least his Eighth
Amendment rights when they detained him in an unclean holding cell, failed to provide
him with adequate medical care, and failed to provide him with food during the twenty
hours he was detained.  The case will be dismissed.  Mr. Johnson's claims against the
named individual officer, "C. Nogle," will be dismissed for failure to prosecute because
Mr. Johnson did not comply with a court order requiring him to file a form necessary to
enable service of process on this Defendant.  Mr. Johnson's claims against Hennepin
County and the Hennepin County Sheriff's Office will be dismissed for procedural- and
merits-related reasons.  Mr. Johnson did not respond to these Defendants' motion to
dismiss.  Regardless, he fails to allege cognizable claims against either of them.

*Mr. Johnson's Factual Allegations*

The following facts are drawn entirely from Mr. Johnson's Complaint [ECF No. 1]. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). On October 27, 2021, Hennepin County Sheriff's officers arrested Mr. Johnson on "a warrant for a probation violation charge." Compl. at 4. One of the arresting officers told Mr. Johnson that the officer had been present when Mr. Johnson was arrested for driving under the influence (or "DWI") roughly one year earlier, in September 2020. *Id.* at 4, ¶ 8. A discussion regarding this prior DWI arrest ensued, and during this discussion, Mr. Johnson informed the officer that he had prevailed on the civil implied-consent case stemming from the DWI arrest. *Id.* at 4, ¶ 11. Mr. Johnson also remarked that he "was certain" he would prevail in the criminal case "because the arresting officer . . . had falsified his report to make it appear as if he had probable cause to arrest [Mr. Johnson] for DWI." *Id.* at 4–5, ¶ 11.

Mr. Johnson eventually was confined in a "disciplinary" holding cell. *Id.* at 6, ¶ 21; *see id.* at 5, ¶ 13. Mr. Johnson alleges that four features of his confinement occurred in retaliation for his comments regarding his prior DWI arrest, *id.* at 6, ¶ 27: (1) Mr. Johnson alleges that there was no legitimate justification to place him in a "disciplinary cell." *Id.* at 7, ¶ 29. (2) The holding cell was littered with the "discarded remains of an inmate's lunch" and had "what appeared to be dried up saliva all over the wall . . ." *Id.* at 5, ¶ 14. Afraid that the cell might be contaminated by the COVID-19 virus, Mr. Johnson complained about the cell's condition to a deputy and requested, but was not allowed, to speak with a sergeant. *Id.* at 5–6, ¶¶ 14– 21. (3) Mr. Johnson requested medical care after falling off a bench and striking his head on the cell floor. *Id.* at 6, ¶¶ 22–25. A nurse

2

conducted "a cursory examination . . . through the glass of the [locked cell] door," and this examination was "inadequate." *Id.* at 6, ¶¶ 24–25. (4) Mr. Johnson "was not given anything to eat during the entire 20 hours [he] was locked in the holding cell." *Id.* ¶ 26.

*Mr. Johnson's Claims and Requested Relief*

In response to a question on the court-provided complaint form asking him to identify all federal constitutional, statutory, or treaty-based claims he intends to assert in this case, Mr. Johnson wrote only "8th Cruel and Unusual punishment." *Id.* at 3. Giving Mr. Johnson's *pro se* Complaint the liberal construction it deserves, *see Hazley v. Roy*, 378 F. Supp. 3d 751, 755–56 (D. Minn. 2019), I understand that Mr. Johnson intends to assert this claim under 42 U.S.C. § 1983. Liberally construed, the pleading also should be understood to include a § 1983 First Amendment retaliation claim. Mr. Johnson alleges that his speech regarding his prior DWI arrest and ensuing proceedings resulted in a series of adverse actions, and these factual allegations align with the claim's elements. *See Greene v. Osborne-Leivian*, No. 19-cv-533 (ECT/TNL), 2021 WL 949754, at *15 (D. Minn. Mar. 12, 2021), *aff'd*, No. 21-1937, 2021 WL 5121256 (8th Cir. Nov. 4, 2021) (describing elements of First Amendment retaliation claim).

For relief, Mr. Johnson seeks $250,000 in "compensatory damages from each defendant and an additional $250,000 from each defendant for punitive damages for their blatant malicious and retaliatory conduct." Compl. at 4. In an addendum to his Complaint, Mr. Johnson explained that he intended to sue C. Nogle and any other individual officers in their individual capacity. Addendum [ECF No. 4] at 1.

*Mr. Johnson's Failure to Serve Defendant C. Nogle*

The record shows that both Hennepin County and the Hennepin County Sheriff's Office were served with process. *See* Summons Returned Executed [ECF No. 8]. The record includes nothing to suggest, however, that Mr. Johnson either served, or took steps necessary to enable service of process on, Defendant C. Nogle.

In an order dated March 28, 2023, Magistrate Judge Schultz directed Mr. Johnson to "submit a properly completed Marshal Service Form (Form USM-285) for each defendant." Order [ECF No. 5] ¶ 2. Magistrate Judge Schultz warned Mr. Johnson that, if he failed to "complete and return the Marshal Service Forms within 30 days of this Order's date," Magistrate Judge Schultz would "recommend that this matter be dismissed without prejudice for failure to prosecute." *Id.*

Notwithstanding this order and the passage of more than seven months after its entry, Mr. Johnson has not done what he was ordered to do with respect to Defendant C. Nogle. He has not returned a completed Marshal Service Form with respect to this Defendant. For this reason, Mr. Johnson's claims against Defendant C. Nogle will be dismissed without prejudice for failure to prosecute. *See Corbett v. Owens*, No. 21-cv-1663 (KMM/TNL), 2021 WL 8315002, at *1 (D. Minn. Dec. 30, 2021), *report and recommendation adopted*, 2022 WL 1320903 (D. Minn. Jan. 28, 2022).

*Mr. Johnson's Failure to Respond to the Motion to Dismiss*

Defendants Hennepin County and the Hennepin County Sheriff's Office filed a motion to dismiss. ECF No. 10. Mr. Johnson did not respond at all to this motion. He filed no responsive memorandum. He filed no amended complaint. He filed nothing.

4

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citation omitted); *see also Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015) ("Notwithstanding Plaintiff's pro se status, Plaintiff is still bound to comply with the Local Rules of this Court." (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002))).  In other words, Mr. Johnson's *pro se* status does not excuse his failure to respond to the motion, and this failure constitutes a waiver.  *See Hernandez-Diaz v. Equifax Info. Servs., LLC,* No. 22-cv-2302 (JRT/JFD), 2023 WL 2025123, at *2 (D. Minn. Feb. 15, 2023) ("As a preliminary matter, the Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims."); *see also Cox v. Harpsted*, No. 22-cv-0478 (PJS/DJF), 2022 WL 16541087, at *1 (D. Minn. Oct. 28, 2022) (accepting report and recommendation and agreeing that the plaintiff's "failure to respond to defendants' motion to dismiss amounts to waiver").  The motion to dismiss could be granted on just this basis.

### The Hennepin County Sheriff's Office's Non-Suability

Minnesota law grants the power to "sue and be sued" to each county, but not to departments or other units within a county.  *See* Minn. Stat. § 373.01, subdiv. 1(a)(1) ("[E]ach county is a body politic and corporate and may: … Sue and be sued.").  Courts have held that, as departments or agents of the county, sheriff's offices are not subject to suit.  As the Minnesota Court of Appeals explained in *Eppolite v. Swenson*, "[t]he powers of county sheriffs are defined by a statute that does not confer the power to sue and be sued."  No. A19-1073, 2020 WL 1130360, at *4 n.1 (Minn. Ct. App. Mar. 9, 2020)

5

(citing Minn. Stat. § 387.03 (2018)).  And the court noted it had "approved of an argument that a county's 'Sheriff's Department is not a legal entity subject to suit and that claims against it must be dismissed.'" *Id.* (quoting *Maras v. City of Brainerd*, 502 N.W.2d 69, 79 (Minn. App. 1993), *review denied* (Minn. Aug. 16, 1993)); *see also Mays v. City of Bloomington*, No. 21-cv-2075 (WMW/DTS), 2022 WL 17417891, at *4 (D. Minn. Aug. 11, 2022) ("Minnesota law does not grant the power to 'sue and be sued' to municipal police departments or county governmental departments."), *report and recommendation adopted in relevant part*, 2022 WL 16707371 (D. Minn. Nov. 4, 2022); *Campbell v. Hennepin Cnty. Sheriffs*, No. 19-cv-1348 (DWF/ECW), 2020 WL 589547, at *7 (D. Minn. Jan. 21, 2020) ("[C]ourts in the Eighth Circuit and this District have consistently held that county departments are not legal entities subject to suit separate from the county itself.") (collecting cases), *report and recommendation adopted*, 2020 WL 586770 (D. Minn. Feb. 6, 2020); *United States ex rel. Patten v. Aitkin Cnty. Health & Hum. Servs.*, No. 19-cv-1712 (JNE/LIB), 2021 WL 784873, at *5 (D. Minn. Jan. 28, 2021) ("[E]very Court in this District to address the issue has held that a county health and human services department is a mere subdivision of the county itself.  Thus, pursuant to Minnesota law, Defendant, Aitkin County Health and Human Services, is not an entity subject to suit because Defendant, Aitkin County Health and Human Services, is merely a subdivision of Aitkin County.") (citations omitted) (collecting cases), *report and recommendation adopted sub nom. United States ex rel. Daniel v. Aitkin Cnty. Health*, 2021 WL 783288 (D Minn. Mar. 1, 2021); *Hyatt v. Anoka Police Dep't*, 700 N.W.2d 502, 505–06 (Minn. Ct. App. 2005) ("While a municipal corporation such as the city has the authority to sue and

be sued, its departments have not been given that specific authority. . . . As a department or agent of the city, the police department is not a legal entity subject to suit.").  For this reason, Mr. Johnson's claims against the Hennepin County Sheriff's Office must be dismissed.

### The Monell Problem With Respect to Hennepin County

Mr. Johnson cannot state a cognizable claim for relief against Hennepin County without satisfying *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  *Monell*'s basic rule is "that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom." *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 30–31 (2010).  In other words, a municipality cannot be held liable under § 1983 because it employed a tortfeasor, but it may be "sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . [only if] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.

This aspect of the motion to dismiss implicates the familiar standards governing a Rule 12(b)(6) motion.  In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Gorog*, 760 F.3d at 792 (citation omitted).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must "state a claim to relief that is

7

plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Though pleadings filed by pro se litigants are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a pro se complaint "still must allege sufficient facts to support the claims advanced," *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

The *Monell* problem is that Mr. Johnson alleges no facts in his Complaint hinting that his injuries were caused by a policy or custom.  He does not allege the existence of a policy or custom explicitly.  And it would not be reasonable to infer a policy or custom's existence—or Mr. Johnson's intent to allege either—from the Complaint's allegations. From start to finish, Mr. Johnson's allegations concern only the particular treatment he suffered during his October 2021 detention.  Mr. Johnson draws no discernable connection between his treatment during this period and a policy or custom.  It is true that Mr. Johnson alleges in the Complaint's final paragraph that "the holding cells were not sanitized after each use."  Compl. at 7, ¶ 31.  But Mr. Johnson also makes clear that this allegation is founded only on the conditions of the cell in which he was detained.  *See id.*  He does not describe the conditions of other cells.  He alleges no facts from which a non-sanitization

8

policy or custom might be inferred.  Here, it would be incorrect to infer a policy or custom's causative presence based on allegations regarding just Mr. Johnson's experiences.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.      This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute as to Defendant C. Nogle.

2.      The Motion to Dismiss filed by Defendants Hennepin County and Hennepin County Sheriff's Office Motion to Dismiss [ECF No. 10] is **GRANTED**.

3.      This action is **DISMISSED WITH PREJUDICE** as to Hennepin County and Hennepin County Sheriff's Office.

### LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: November 1, 2023                               s/ Eric C. Tostrud
                                                      Eric C. Tostrud
                                                      United States District Court